**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**ZEBEDEE THOMAS**                                                                              **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 5:21-CV-P97-TBR**

**MAYFIELD POLICE DEPARTMENT et al.**                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Zebedee Thomas, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's action will be dismissed, and he will be allowed to file an amended complaint.

**I. STATEMENT OF CLAIMS**

Plaintiff, who was a pretrial detainee at the Christian County Jail when he filed this suit, names as Defendants the Mayfield Police Department; the Graves County Jail; and in their official capacities Mayfield Police Officer Townsend and Graves County Jail employees Sgt. Mason and Edward Jackson.

The complaint sets forth four numbered claims. The first alleges that on May 2, 2021, Plaintiff's right "was violated because during my arrest the officer made me show him my priveat part and he didn't read me my rights when he stop me."

In his second claim, Plaintiff alleges that "at the jail" his "rights was violated because Sgt. Mason was using my case on me and talking about my case to others [and] not only that[,] he pulled out a taser on me for no reason."

In his third claim, Plaintiff asserts that the Graves County Jail violated his "right" because it "had me on the floor the hole time I was there I have a hard time breat[h]ing and a bad he[a]lth." He also alleges that he was given burnt food and that he was not allowed to have or even see a "law book" despite asking for it for over 50 days.

Finally, Plaintiff asserts that Defendant Jackson violated his rights by telling him to "set my ass down that not how you talk to nobody or run a jail." He also asserts that on June 25, 2021, "[T]hey moved me to a different jail to cover there self."

Plaintiff's only requested relief is "grant injunctive relief by illegal detention."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *A. Requested relief*

Plaintiff's only requested relief is to "grant injunctive relief by illegal detention," by which the Court assumes Plaintiff to be asking for release from illegal detention. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

Under Fed. R. Civ. P. 15(a), a district court may allow a plaintiff to amend his complaint even when the complaint is subject to dismissal on initial screening under the Prison Litigation Reform Act. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Rule 15(a) states that a party may amend its pleading once as a matter of course within 21 days after serving it and in all other cases, the court should freely give leave when justice so requires. *See* Fed. R. Civ. P. 15(a); *see also LaFountain*, 716 F.3d at 951. A motion to amend a complaint, however, should be denied if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court will examine whether Plaintiff should be given the opportunity to amend his complaint regarding the relief he seeks as to any of the claims he raises.

### *B. Official-capacity claims*

Defendants in this case are the Mayfield Police Department; the Graves County Jail; and employees of those entities named only in their official capacities.

First, neither the Mayfield Police Department nor the Graves County Jail is a "person" subject to suit under § 1983 because municipal departments, such as police departments and jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*,

No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is the City of Mayfield and Graves County that are the proper defendants. *Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Similarly, the claims against Defendants Townsend, Mason, and Jackson in their official capacities must be construed as brought against the governmental entities for which they work. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the claims against these Defendants in their official capacities are actually brought against the City of Mayfield or the Graves County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Only one of Plaintiff's claims appears to allege a policy or custom such that the claim against municipality (Graves County) would be appropriate, *i.e.*, Plaintiff's claim regarding the conditions of confinement at the Graves County Jail as set forth below.

### C. Plaintiff's first claim

Plaintiff alleges that at the time of his arrest, his "rights was violated because . . . the officer made me show him my priveat part and he didn't read me my rights when he stop me."

A search incident to an arrest "constitutes an exception to the warrant requirement" the Fourth Amendment otherwise imposes. *Riley v. California*, 573 U.S. 373, 382 (2014). However, the scope of a search incident to arrest is limited by the reasonableness of the search. *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 652 (1995). The Court will allow Plaintiff an

opportunity to amend his complaint to name Defendant Townsend in his individual capacity and to seek relief from him other than release from imprisonment.[1]

However, Plaintiff's assertion that he was not informed of his *Miranda* rights does not state a claim based on the facts alleged. The Fifth Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, prohibits forced self-incrimination. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). A *Miranda* warning is designed to prevent an individual subject to custodial interrogation from being coerced to provide self-incriminating statements. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Plaintiff does not allege that he provided any incriminating statements. Even if he did, he does not allege that they have been used against him in a criminal case. "[M]ere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 769 (2003). "It is only once compelled incriminating statements are used in a criminal proceeding . . . that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action." *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005) (footnote omitted). Thus, Plaintiff's contention that he was not informed of his *Miranda* rights does not state an actionable Fifth Amendment claim.

### D. Plaintiff's second claim

In his second claim, Plaintiff alleges that "at the jail" his "rights was violated because Sgt. Mason was using my case on me and talking about my case to others [and] not only that[,] he pulled out a taser on me for no reason."

---

[1] While *Heck* [*v. Humphrey*] precludes [Plaintiff] from challenging the lawfulness of his arrest, he is not barred from challenging . . . the reasonableness of the . . . strip search, which would not necessarily imply the invalidity of his state court convictions or any conviction or sentence[.]" *Dixon v. Ginley*, No. 1:13 CV 489, 2013 WL 2425132, at *6 (N.D. Ohio June 3, 2013) (citing *Heck v. Humphrey*, 512 U.S. at 486 n.7).

6

It is not clear why Plaintiff thinks that Defendant Mason talking about his case or "using his case" violates his constitutional rights. Nor does Plaintiff allege any harm from these actions.

Additionally, Plaintiff fails to state a claim against Defendant Mason for "pull[ing] out a taser on [him]." While the Eighth Amendment provides a convicted prisoner the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). The Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). However, in *Kingsley v. Hendrickson*, the Supreme Court held that the Fourteenth Amendment's objective reasonableness test, rather than the Eighth Amendment's deliberate indifference standard, applies to a pretrial detainee's claims concerning the use of excessive force. 576 U.S. 389 (2015). Thus, the relevant inquiry into an excessive-force claim brought by a pretrial detainee like Plaintiff is whether the force purposely or knowingly used against the prisoner was objectively unreasonable. *Id*. at 396-97; *see also Coley v. Lucas Cty.*, 799 F.3d 530, 538 (6th Cir. 2015) (citing *Kingsley*).

The Court finds here that Plaintiff has not stated a constitutional claim for excessive force where the taser was merely "pulled out." *See, e.g.*, *Johnson v. Thorpe*, No. 4:20-CV-P149-JHM, 2021 WL 203310, at *4-5 (W.D. Ky. Jan. 20, 2021) ("When analyzed under [the *Kingsley*] standard, the Court finds that Plaintiff's allegation that he was aggressively escorted to segregation with a taser gun pointed at him fails to state a claim of constitutional dimensions."). Thus, the Court finds that amendment to name Defendant Mason in his individual capacity would be futile.

7

### *E. Plaintiff's third claim*

Plaintiff asserts that the Graves County Jail violated his "right" because it "had me on the floor the hole time I was there I have a hard time breat[h]ing and a bad he[a]lth." He also alleges that he was given burned food and that he was not allowed to have or even see a "law book" despite asking for it for over 50 days.

Even were the Court to construe this claim as alleging a Graves County policy of keeping Plaintiff on the floor, providing him with burned food, and denying him a "law book," Plaintiff fails to state a claim upon which relief may be granted.

Until September of this year, to sustain a § 1983 claim on a theory of deliberate indifference to safety from conditions of confinement, a pretrial detainee had to meet both an objective and subjective component. *See, e.g.*, *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017). Under the objective component, plaintiffs had to show that "the official was deliberately indifferent 'to a substantial risk of serious harm' to the inmate." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To meet the subjective component, plaintiffs had to demonstrate "that (1) 'the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner,' (2) the official 'did in fact draw the inference,' and (3) the official 'then disregarded that risk.'" *Richko*, 819 F.3d at 915 (quoting *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)).

In September of 2021, the Sixth Circuit modified the subjective component. Now, to sustain a § 1983 claim on a theory of deliberate indifference, the pretrial detainee must prove either that the official "acted [or failed to act] intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee, even though the official knew, or should have known, that the condition posed

8

an excessive risk to health or safety." *Brawner v. Scott Cty.*, 14 F.4th 585, 597 (6th Cir. 2021) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017)) (alterations in original). Unlike the Eighth Amendment, an official can violate a pretrial detainee's Fourteenth Amendment rights without "meting out any punishment." *Id*. at 596. The "Due Process Clause can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." *Id*. (internal quotation marks and citation omitted). Thus, *Brawner* stands for the proposition that Graves County's policies "must have either intentionally placed [Plaintiff] in danger or recklessly disregarded a substantial risk of harm of which [it] knew or should have known." *Stein v. Gunkel*, No. CV 19-159-DLB-CJS, 2021 WL 5098685, at *3 (E.D. Ky. Nov. 2, 2021).

Simply having to sit or even sleep on the floor does not rise to the level of a constitutional violation. *Silverburg v. Haney*, No. 19-6273, 2020 WL 6580034, at *3 (6th Cir. July 29, 2020) (in pretrial detainee case, holding that "[f]orcing inmates to sleep on a floor mattress due to overcrowding does not rise to the level of a constitutional violation"). And, Plaintiff does not allege that being "on the floor" caused his difficulty breathing or bad health.

Plaintiff's Fourteenth Amendment deliberate-indifference-to-his-safety allegation concerning burned food also fails to describe conditions sufficiently serious such that Graves County placed Plaintiff in danger or recklessly disregarded a substantial risk of harm of which it knew or should have known. *See, e.g.*, *Dawson v. Louisville Metro Dep't of Corr.*, No. 3:20CV-P856-GNS, 2021 WL 2149211, at *4 (W.D. Ky. May 26, 2021) ("The Court finds that the allegations with regard to the unappetizing food and dirty and peeling trays fail to describe conditions sufficiently serious to meet the objective component of a deliberate indifference claim.").

Moreover, Plaintiff's allegation that he was not given access to a "law book" fails to state a constitutional claim. To state a claim for denial of access to courts, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). This, Plaintiff has not done.

### F. Plaintiff's fourth claim

Finally, Plaintiff asserts that Defendant Jackson violated his rights by telling him to "set my ass down that not how you talk to nobody or run a jail." He also asserts that on June 25, 2021, "[T]hey moved me to a different jail to cover there self."

The Court finds that allowing amendment to name Defendant Jackson in his individual capacity would be futile because Plaintiff fails to state a claim against him. Harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 WL 400424, at *4, (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

Additionally, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution unless the state has created a liberty interest in remaining at a particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-229 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). This is not the case in Kentucky where transfer of prisoners is within the discretion of the corrections cabinet. Ky. Rev. Stat. § 197.065.

10

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendants Mayfield Police Department, Graves County Jail, Mason, and Jackson for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate those Defendants as parties to this action.

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order Plaintiff may amend the complaint to name Defendant Townsend in his individual capacity and to seek relief from him other than release from imprisonment.

The Clerk of Court is **DIRECTED** to send to Plaintiff a copy of pages 2 and 6 of his complaint (DN 1) with the case number and "AMENDED" affixed thereto.

Plaintiff is **WARNED** that his failure to amend his complaint within 30 days will result in dismissal of this action for the reasons stated above.

Date:  December 29, 2021

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Graves County Attorney
4413.009

11